# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152035

CITY OF HUNTINGTON WOODS and CITY
OF PLEASANT RIDGE,
   Plaintiffs/
   Counter-Defendants-Appellants,

v

CITY OF OAK PARK,
   Defendant/
   Counter-Plaintiff-Appellee,
and

45TH DISTRICT COURT,
   Defendant/Appellee.

SC: 152035
COA: 321414
Oakland CC: 2013-135842-CZ

_____/

On October 5, 2016, the Court heard oral argument on the application for leave to appeal the June 11, 2015 judgment of the Court of Appeals. We DIRECT the parties to participate in settlement proceedings and we appoint Chief Judge Michael J. Talbot to act as the mediator. The Chief Judge may direct the parties to produce any additional information he believes will facilitate mediation. Any additional information, statements or comments made during these proceedings will be confidential and will not become part of the record, except on motion by one of the parties. See, e.g., MCR 7.213(A)(2)(f); MCR 2.412(C). The mediator shall file a status report with this Court within 42 days of the date of this order. If mediation results in full or partial settlement of the case, the parties shall file, within 21 days after the filing of the notice by the mediator, a stipulation to dismiss (in full or in part) with this Court pursuant to MCR 7.318.

If the parties are not able to resolve the dispute through settlement discussions, the date of the filing of the mediator's status report shall be considered the date leave to appeal is GRANTED, for purposes of the briefing deadlines for calendar cases. The parties shall include among the issues to be briefed: (1) whether the revenue-sharing scheme provided in MCL 600.8379(1)(c) relates to a political subdivision's obligation to fund a district court; (2) whether the appropriation obligation in MCL 600.8271 creates

an independent funding obligation; (3) whether the 45th District Court is "within" the political subdivisions of appellants or whether "the expenses of maintaining, financing, or operating the district court . . . were incurred in" the political subdivisions of appellants within the meaning of MCL 600.8103(3), MCL 600.8104(2), or both; (4) if so, whether City of Oak Park is currently funding "the expenses of maintaining, financing, or operating the district court … incurred in any other political subdivision"; and (5) whether the 45th District Court may rescind its agreement with appellants that the district court is not required to sit in appellants' political subdivisions.

The Attorney General, the Michigan District Judges Association, the Michigan Court Administrators Association, the Michigan Municipal League and the Michigan Townships Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

MARKMAN and LARSEN, JJ., would grant leave to appeal only.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2016



Clerk

t1026